UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| CARLTON ALEXANDER, | ) | CASE NO. 4:08 CV 2296 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| BUREAU OF PRISONS, | ) | |
| | ) | |
| Respondent. | ) | |

Pro se petitioner Carlton Alexander filed the above-captioned habeas corpus action under 28 U.S.C. § 2241 against the Bureau of Prisons.  Mr. Alexander, who is incarcerated at Northeast Ohio Correctional Center ( N.E.O.C.C.), asserts that he is entitled to credit on his sentence from the time he believes he was paroled until he was taken into federal custody.

*Background*

On or about July 9, 2000, Mr. Alexander began serving a four and one half year sentence at State Correctional Institution Mahanoy ("SCI-Mahanoy") in Frackville, Pennsylvania. Two years later, he was sentenced to 57 months in prison after pleading guilty to reentry of a deported alien in violation of 8 U.S.C. §1326(a) and (B)(2).  United States v. Alexander, No. 1:

02cr0006 (MD Pa. filed Jan. 9, 2002.) The court ordered his 57 months of imprisonment to be served consecutively to the state sentence Mr. Alexander was serving in Pennsylvania. Id. (J. & C. of 9/26/02.)

Attached to the petition is an undated Detainer addressed to Cumberland County Prison from Special Agent Robert Naughton of the Immigration and Naturalization Service (INS)[1]. The detainer advised that alien "Carlton Peter MCKIE" may be subject to deportation and requested 30 days advance notice of his release from prison.[2]

Mr. Alexander claims that, although he was released from state prison on November 26, 2006, he was allegedly on parole status May 2, 2006. He maintains that the "record reflects the fact that the Parole was granted due to Federal detainer sentence." (Pet. at 2.) He adds that the "indication and Implication is that the federal detainer was commenced on [the] same day that the Parole was granted." (Pet. at 2.) He argues that the BOP is improperly computing his sentence from the date he was "actually picked up" rather than the date the detainer was issued.

Invoking section 3585(b) under Title 18 of the United States Code, Mr. Alexander argues he is entitled to credit toward his federal sentence for any time spent in official detention "if the detention was a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed." (Pet. at 3.) He claims his state

---

[1] On March 1, 2003, the INS was abolished and its functions transferred to three bureaus within the Department of Homeland Security. See 6 U.S.C. § 291. The immigration enforcement functions of INS were transferred to the Bureau of Immigration and Customs Enforcement ("BICE") within the Department of Homeland Security. Because the events in this case occurred before the creation of BICE, the Court will continue to refer to the government agency as INS.

[2] Inasmuch as Mr. Alexander claims the detainer applies to him, the court presumes that the name "McKie" is an alias.

sentence resulted from the "same charge that he was invariably and eventually sentenced under, thereby giving him entitlement to credit for time served when he was detained at S.C.I. under Federal Detainer that authorised [sic] his detention until picked up by the Federal Agents." (Pet. at 3.) He contends he would be free on parole, 'but for' the detainer lodged against him.

*Sentence Credit*

Federal regulations have afforded prisoners administrative review of the computation of their credits, see 28 CFR §§ 542.10-542.16; United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir.1990), and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies, see United States v. Bayless, 940 F.2d 300, 304- 305 (8th Cir. 1991). It appears Mr. Alexander fully exhausted his administrative remedies through the Bureau of Prisons. In response, the BOP consistently refuted any record of petitioner's state parole commencing on May 2, 2006.

After a district court sentences a federal offender, it is the Attorney General, through the BOP, who has the responsibility for administering the sentence. See 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. United States v. Wilson, 503 U.S. 329, 335 (1992); United States v. Crozier, 259 F.3d 503, 520 (6th Cir. 2001)("Power to grant credit for time served lies solely with Attorney General and Bureau of Prisons"); 18 U.S.C. § 3585(b). Other than

Mr. Alexander's conclusory statement, there is evidence that his state parole ended on May 2, 2006. Petitioner's suggestion that he was entitled to parole because an INS detainer may have been lodged against him on that date is not a valid claim. Until Mr. Alexander is in the exclusive custody of the INS, he is not in a position to challenge his custody status as a result of a detainer issued by the agency.

Evolved legal precedent teaches that the credit against a federal sentence attaches only when the federal detainer is the exclusive reason for the prisoner's failure to obtain his release on bail. McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir. 1993). In the case at bar, Mr. Alexander remained in custody because he still needed to serve a federal sentence consecutive to his state sentence. Since Mr. Alexander's failure to obtain release was not caused by the federal detainer, he is not entitled to a credit against his federal sentence. Shaw v. Smith, 680 F.2d 1104 (5th Cir.1982); United States v. McCrocklin, 410 F.2d 1137 (6th Cir.1969).

*Conclusion*

Based on the foregoing, the petition is denied pursuant 28 U.S.C. § 2243. Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: December 16, 2008             *s/   James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE