UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARLTON ALEXANDER, | ) | Case No. 4:08CV2296 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JAMES S. GWIN |
| vs. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| BUREAU OF PRISONS, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Respondent. | ) | OF MAGISTRATE JUDGE |

This matter is before the undersigned pursuant to an Order by United States District Court Judge James S. Gwin referring the instant matter to the undersigned for a Report and Recommendation.  ECF Dkt. #10.  For the following reasons, the undersigned recommends that the Court dismiss without prejudice Petitioner Carlton Alexander's ("Petitioner") petition filed pursuant to 28 U.S.C. § 2241.  ECF Dkt. #1.  Alternatively, the undersigned recommends that the Court deny Petitioner's § 2241 petition as moot.

**I.    FACTUAL AND PROCEDURAL HISTORY**

On September 26, 2008, Petitioner filed a *pro se* motion pursuant to 28 U.S.C. §2241. ECF Dkt. #1.  Petitioner asserts that he served a four-year sentence of imprisonment beginning July 9, 2000 at State Correctional Institution Mahanoy in Pennsylvania.  ECF Dkt. #1 at 1.  Two years later, Petitioner then plead guilty to reentry of a deported alien in violation of 8 U.S.C. §

1

1326(a) and (B)(2) and was sentenced under federal law to 57 months of imprisonment which was to be served consecutively to Petitioner's state sentence. ECF Dkt. #4 at 1-2

In his § 2241 petition, Petitioner alleges that even though he was actually released from the state sentence on November 26, 2006, he was paroled on May 2, 2006 due to the federal Immigration and Naturalization Service detainer placed upon him. ECF Dkt. #1. Petitioner asserts that pursuant to 18 U.S.C. § 3585(b), he is entitled to credit toward his federal sentence for time spent in federal custody pursuant to the detainer since he could have been out on parole. *Id*. at 1-2.

On December 16, 2008, Judge Gwin issued a Memorandum Opinion and Order denying Petitioner's § 2241 petition pursuant to 28 U.S.C. § 2243. ECF Dkt. # 4. Judge Gwin reasoned that other than Petitioner's conclusory statement, he failed to provide evidence that his state parole ended on May 2, 2006. *Id*. at 3-4. Judge Gwin found invalid Petitioner's claim that he was entitled to parole because an INS detainer may have been lodged against him on that date. *Id.* at 4. Judge Gwin further held that Petitioner was not entitled to credit against his federal sentence because he still had to serve a federal sentence and thus the federal detainer was not the reason for Petitioner's failure to obtain release on bail. *Id.*

On December 29, 2008, Petitioner appealed the denial of his § 2241 petition to the Sixth Circuit Court of Appeals. ECF Dkt. #6. On January 10, 2011, the Sixth Circuit reversed the Court's judgment and remanded Petitioner's case for proceedings consistent with its Opinion. ECF Dkt. #8. The Sixth Circuit noted the early screening stage of § 2243 upon which Judge Gwin had dismissed Petitioner's § 2241 petition. *Id*. at 3. The Court found that at that stage, Petitioner's allegations are taken as true and liberally construed in his favor. *Id*. The Court

further found that Petitioner provided sufficient factual allegations to support his claim and he was not required to present any evidence at the early stage of the proceeding. *Id*. at 4-5. The Sixth Circuit went on to state that only slight discrepancies existed between Petitioner's pro se petition and the exhibits that he attached and those discrepancies did not undermine his claim. *Id*. at 5. The Court further found unsustainable Judge Gwin's assertion that Petitioner's failure to obtain release was not caused by the federal detainer without any evidence establishing that point. *Id*.

Accordingly, the Sixth Circuit reversed Judge Gwin's judgment and reversed the case, finding that Petitioner's allegations "'show reason to believe that [he] may, if the facts are fully developed, be able to demonstrate' he is entitled a sentence credit." *Id.* at 6, quoting *Harris v. Nelson*, 394 U.S. 286, 292 (1986).

On January 10, 2011, Petitioner was mailed a copy of the Sixth Circuit's decision in his case. ECF Dkt. #8. On March 7, 2011, Petitioner was mailed a copy of the mandate from the Sixth Circuit reversing Judge Gwin's judgment and remanding Petitioner's case. ECF Dkt. #9. On March 8, 2011, Judge Gwin referred the instant case to the undersigned for a Report and Recommendation. ECF Dkt. #10. Petitioner was mailed a copy of the referral Order on the same date. ECF Dkt. #10.

However, on March 14, 2011, the Court received returned mail that had been sent to Petitioner, indicating that he had been paroled/discharged. ECF Dkt. #11. The Inmate Locator on the Bureau of Prisons website indicates that Petitioner was released from custody on January 14, 2011. Http://www.bop.gov. Records from United States Immigration and Customs Enforcement Agency confirm that Petitioner had been deported from this country on February

23, 2011 from Houston to Trinidad and Tobago.  United States Department of Justice, Immigration and Naturalization Service Form I-205.

## II. LAW AND ANALYSIS

### A. FAILURE TO PROSECUTE/FAILURE TO UPDATE ADDRESS

The undersigned recommends that the Court dismiss Petitioner's § 2241 petition pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for his failure to prosecute.  Rule 41(b) allows the Court to dismiss a complaint if the plaintiff fails to prosecute.  Fed. R. Civ. P. 41(b).  Petitioner here has failed to provide the Court with an updated address since his release from BOP custody in January 2011.  A recent attempt to mail Petitioner copies of the Sixth Circuit's decision, as well as this Court's Orders, have been returned as undeliverable and unable to forward.  ECF Dkt. #11.  Moreover, Petitioner has been deported to Trinidad as of February 23, 2011 and has not provided the Court with his new address.

The Court has the authority under Rule 41(b) to sua sponte dismiss Petitioner's case for failure to prosecute.  "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630.  Rule 41 of the Federal Rules of Civil Procedure provides in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule– except for lack of jurisdiction, improper venue, or failure to join a party under Rule 19– operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). The United States Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-631. "It would require a much clearer expression of purpose than Rule 41(b) provides for us to assume that it was intended to abrogate so well-acknowledged a proposition." *Link*, 370 U.S. at 631-632; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir.1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b) ] to enter a sua sponte order of dismissal.")(citing *Link*, 370 U.S. at 631).

The issue of notice and due process with regard to the dismissal is a concern. However, in *Link*, the Supreme Court held that "the absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing [does not] necessarily render such a dismissal void." *Link*, 370 U.S. at 632. "The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." *Id*. Accordingly, "when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Id.* at 633.

At least one court in this Circuit has applied Rule 41(b) to dismiss a civil action for failure to prosecute based largely in part upon the plaintiff's failure to inform the Court of an updated address. In *Marshek v. Marske*, No. 07-14407, 2009 WL 160256, at *3-*4. (E.D. Mich. Jan. 22, 2009), the District Court adopted the Magistrate's Report and Recommendation

recommending that the court dismiss a former prisoner's complaint against a prison supervisor for allegedly violating his First Amendment rights and retaliating against him for exercising those rights. 2009 WL 160256, at *1. The United States District Court for the Eastern District of Michigan indicated that the plaintiff's current address was unclear as he had been released from BOP custody but had not filed a notice of address change in the case. *Id*. at *2. The defendant in the case had filed a motion to dismiss the case and plaintiff eventually moved the court to extend his time within which to respond. *Id*. The court granted the plaintiff's motion and cautioned the plaintiff that his failure to respond to the motion could result in the dismissal of his complaint for failure to prosecute. *Id*. However, the plaintiff failed to respond. *Id*.

The court dismissed the plaintiff's case sua sponte pursuant to Rule 41(b) due to the plaintiff's failure to respond. 2009 WL 160256, at *4. The court indicated that although the plaintiff's motion for an extension of time had been granted, "[p]erhaps plaintiff's failure to respond is a result of him not knowing the October 3rd scheduling order was filed; however, this would be the consequence of a failure to keep the Court apprised of any change in address." *Id*. at *4. The court further noted that it had been seven months since the plaintiff had filed any document in the case. *Id*. The court reviewed a court's inherent authority to dismiss a case and indicated that "[d]ismissal pursuant to Fed. R. Civ. P. 41(b) 'is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Id*., citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)(quoting *Matter of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984).

The *Marshek* Court quoted four factors that the Sixth Circuit considers in reviewing a district court's decision to dismiss a case for a plaintiff's failure to prosecute:

6

> '(1) whether the party's failure is due to willfulness, bad faith, or fault;
> (2) whether the adversary was prejudiced by the dismissed party's conduct;
> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.'

2009 WL 160256, at *4, quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir.2005) (citing *Knoll*, 176 F.3d at 363) and *Mulbah v. Detroit Bd. of Ed.*, 261 F.3d 586, 589 (6th Cir.2001). The *Marshek* Court applied each of the four factors and dismissed the plaintiff's case without prejudice.

With regard to the first factor, the *Marshek* Court indicated that it was unclear why plaintiff had failed to prosecute his case. However, the court went on to state that "plaintiff cannot expect that the Court or defendant will be able to find him, and defendant cannot be expected to defend an action which plaintiff has apparently abandoned." *Marshek*, 2009 WL 160256, at *4. The court conceded that as to the second factor, prejudice to the defendant at the current point in the case was minimal, but the court noted that if it denied defendant's motion to dismiss and "plaintiff's address continued to remain a mystery, then defendant would be in the position of having to defend an action without access to his opponent." *Id*. The court addressed the third and fourth factors, referring to its order cautioning the dismissal of the plaintiff's case if he failed to respond, and indicating that while less drastic sanctions had not been attempted, there was "little purpose in doing so where the Court does not have a current address for plaintiff." *Id*. at *5, citing *Alexander v. City of Pontiac*, Case No. 2:07-CV-11419 (E.D.Mich. Apr. 29, 2008)(dismissing case without prejudice for failure to prosecute where, in part, "[t]he Court and the Magistrate Judge ha[d] attempted to send Plaintiff several orders indicating that his case was proceeding apace and his involvement would be required, and Plaintiff ha[d] not

7

responded to these. If Plaintiff had been involved in any way with the case, the Court could conceivably have considered or imposed less drastic measures. It is Plaintiff's failure to respond that has led the court to this dismissal.").

Despite noting his apparent abandonment of his case, the failure to keep the court informed of an address, and his failure to respond, the *Marshek* Court did not dismiss the plaintiff's complaint with prejudice as Rule 41(b) allows. Rather, the court dismissed the plaintiff's complaint without prejudice because he was pro se and because less drastic sanctions had not been imposed.

Similarly in the instant case, Petitioner has failed to keep the Court updated of his change in address and all recently mailed documents to Petitioner from the Court, including the Sixth Circuit's decision on his appeal, have been returned as undeliverable. Without a current address, the Court cannot reach Petitioner in order to set a scheduling order, and Respondent cannot reach Petitioner in order to serve motions or to otherwise defend itself. While less drastic sanctions have not been attempted, it seems futile to do so since documents sent to Petitioner have been returned as undeliverable. The last writing from Petitioner in this case was his notice of appeal of Judge Gwin's Memorandum Opinion & Order his § 2241 petition and Petitioner's last submission to the Sixth Circuit Court of Appeals was on February 18, 2010, over a year ago.

For these reasons, the undersigned recommends that the Court dismiss Petitioner's § 2241 without prejudice for his failure to prosecute his case.

**B**. **MOOTNESS**

As an alternative, the Court could dismiss Petitioner's § 2241 petition based upon mootness. ECF Dkt. #1. It is true that at the time that he filed his instant § 2241 petition, Petitioner was in custody and the Court had jurisdiction over his claims that he was entitled to credit toward his federal sentence for time spent in federal custody pursuant to the detainer. 28 U.S.C. § 2241. However, under Article III of the United States Constitution, "federal courts may only adjudicate actual, ongoing cases or controversies." *Winkle v. Shartle*, 2010 WL 3835049, at *2, quoting *Sjothun v. Federal Bureau of Prisons*, 2010 WL 561098, at *1 (N.D. Ohio 2010)(citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). Federal district courts lack jurisdiction over cases that have become moot. *Winkle*, 2010 WL 3835049, at *2, citing *Demis v. T.R. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009). A court may raise the issue of mootness sua sponte as it is a jurisdictional issue and questions of jurisdiction may be reviewed sua sponte. *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993).

The Sixth Circuit has held that a case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Demis*, 558 F.3d at 512. A case becomes moot and falls outside of this Court's jurisdiction "[i]f 'events occur during the pendency of a litigation which render the court unable to grant the requested relief.'" *Winkle*, 2010 WL 3835049, at *2, quoting *Demis*, 558 F.3d at 512, quoting *Abela v. Martin*, 309 F.3d 338, 343 (6th Cir. 2002). In the context of prisoner lawsuits, "[a] prisoner must show 'some concrete and continuing injury other than the now-ended incarceration or parole-some collateral consequence of the conviction must exist if the suit is to be maintained.'" *Winkle*,

9

2010 WL 3835049, at *2, quoting *Spencer v. Kemna*, 523 U.S. 1, 7, (1998).

In *Winkle*, the Court found that while it had jurisdiction over Winkle's § 2241 petition when he filed it as he was incarcerated at Elkton Correctional Facility, his subsequent release from prison and from Bureau of Prisons' custody rendered his case moot since the Court was unable to grant the relief requested.  2010 WL 3835049, at *3.  The Court held that "[i]t is not enough that the dispute was alive when Mr. Winkle's petition was filed.  He must continue to have an injury that is capable of being redressed by a favorable judicial decision." *Id*., citing *Sjothun*, 2010 WL 561098, at *1.

Similarly, Petitioner in this case has been released from Bureau of Prisons' custody.  Accordingly, the Court cannot grant the relief that Petitioner seeks, that is, credit by the Bureau of Prisons for time served on his prison sentence.  ECF Dkt. #1.  According to the Inmate Locator on the Bureau of Prisons' website, Petitioner was released from custody on January 14, 2011.  http://www.bop.gov.  He was thereafter deported on February 23, 2011.

Petitioner's § 2241 petition could overcome mootness despite his release from custody if he could show that collateral consequences flow from his conviction and sentence and remain ongoing.  *Winkle*, 2010 WL 3835049, at *2, citing *Carafas v. La Vallee*, 391 U.S. 234, 237-238 (1968).  The burden is on Petitioner to show such collateral consequences that render his § 2241 still "live" for jurisdictional purposes and he must show more than general consequences stemming from his criminal conviction since he is not challenging the validity of his conviction.  *Winkle*, 2010 WL 3835049, at *3, citing *Demis*, 583 F.3d at 516.  Petitioner has not shown such collateral consequences arising from failure to receive credit for time served in prison since he is now out of prison.  Accordingly, the Court cannot provide him meaningful relief at this time.

Petitioner can also escape mootness of his § 2241 upon being released from custody if he can show that his case is "capable of repetition but evading review." *Demis*, 558 F.3d at 516. However, Petitioner fails to meet either of the two prongs of this exception, which requires that "'(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again.'" *Id*. quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975).

### III.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court dismiss Petitioner's § 2241 petition without prejudice due to his failure to prosecute, or deny Petitioner's § 2241 petition as moot because the Court can no longer grant Petitioner the relief that he seeks in the petition.


Dated: April 28, 2011                                    /s/George J. Limbert
                                                         George J. Limbert
                                                         United State Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (14) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).