```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
CARLTON ALEXANDER,                          :
                                            :      CASE NO. 4:08-CV-2296
            Petitioner,                     :
                                            :
    v.                                      :      OPINION & ORDER
                                            :      [Resolving Doc. No. 1]
BUREAU OF PRISONS,                          :
                                            :
            Respondent.                     :
                                            :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Carlton Alexander petitions *pro se* for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that he is entitled to credit on his sentence from the time he believes he was paroled until he was taken into federal custody. [Doc. 1.] Specifically, Alexander says that under 18 U.S.C. § 3585(b) he is entitled to credit for time served on a federal detainer between November 26, 2003, when his federal sentence commenced, and May 2, 2006, the day he was granted parole by the state. [*Id.*; Doc. 8 at 4.]

On December 16, 2008, this Court denied Alexander's petition, finding that Alexander had not shown that his federal detainer was the exclusive reason for his failure to obtain release. [Doc. 4.] Alexander appealed the Court's decision to the Sixth Circuit Court of Appeals. [Doc. 6.] On January 10, 2011, the Sixth Circuit reversed, holding that this Court had improperly dismissed Alexander's petition because Alexander's allegations could, "'if the facts are fully developed . . . demonstrate' [that Alexander] is entitled to a sentence credit." [Doc. 8 at 6.] (quoting *Harris v.*

Case No. 4:08-CV-02296
Gwin, J.

*Nelson*, 394 U.S. 286, 292 (1986)). The Sixth Circuit remanded the case back to this Court for proceedings consistent with its opinion. [*Id.*]

This Court then referred the case to Magistrate Judge George J. Limbert under Local Rule 72.2 for a Report and Recommendation. [Doc. 10.] On April 28, 2011, Magistrate Judge Limbert issued a Report and Recommendation recommending that the Court dismiss Alexander's petition for failure to prosecute, under Federal Rules of Civil Procedure Rule 41(b), or deny the petition as moot. [Doc. 12.]

Magistrate Judge Limbert first noted that Alexander was released from custody on January 14, 2011 and had been deported to Trinidad on February 23, 2011. [Doc. 12 at 4.] First, because Alexander had failed to provide the Court with an updated address, and all court documents relating to his petition have been returned as undeliverable, Magistrate Judge Limbert recommended dismissing Alexander's § 2241 petition without prejudice for failure to prosecute. [Doc. 12 at 8]; *See also Marshek v. Marske*, No. 07-14407, 2009 WL 160256 (E.D. Mich. Jan. 22, 2009). Alternatively, the Magistrate Judge concluded that Alexander's petition could be dismissed as moot, because Alexander's release from custody precludes the habeas relief Alexander seeks. [Doc. 12 at 9-10 (citing *Winkle v. Shartle*, No. 09-CV-2561, 2010 WL 3835049 (N.D. Ohio Sept. 29, 2010)).]

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1)(C). Parties must file any objections to a Report and Recommendation within fourteen days of service.[1] *Id.* Failure to object within this time waives a party's right to appeal the

---

[1] In the instant petition, Alexander was deported in February 2011, and has not provided the Court with his updated address. Thus, he is unlikely to have been served with a copy of the Magistrate Judge's decision. However, because Alexander has failed to update his address with the court, his petition still should be denied for failure to

-2-

-3-

Case No. 4:08-CV-02296
Gwin, J.

magistrate judge's recommendation. FED. R. CIV. P. 72(a); *see also* Thomas v. Arn, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Absent objection, a district court may adopt the Magistrate's report without review. *See* Thomas, 474 U.S. at 149, 150.

In this case, neither party has objected to the Magistrate Judge's Report and Recommendation. Moreover, having conducted its own review of the parties' briefs on the issue, the Court agrees with the conclusions of the Magistrate Judge. In particular, because Alexander has already been released from custody and the Court thus cannot grant him the habeas relief he seeks, Alexander's petition is now moot.

Accordingly, the Court **ADOPTS** in whole Magistrate Judge Limbert's findings of fact and conclusions of law and incorporates them fully herein by reference. The Court thus **DENIES** Alexander's habeas petition as moot. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


Dated: May 27, 2011                     s/        *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE

---

prosecute, and alternatively, for mootness.